Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000360
27-DEC-2012
08:15 AM

NO. CAAP-11-0000360

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DENNIS S. SAN JUAN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-2129)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

Defendant-Appellant Dennis S. San Juan (San Juan) appeals from the Judgment of Conviction and Sentence (Judgment) filed on March 30, 2011, in the Circuit Court of the First Circuit (Circuit Court).[1] We affirm.

I.

San Juan was charged with Methamphetamine Trafficking in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1240.8 (Supp. 2011).[2] The charge was based on San

---

[1] The Honorable Glenn J. Kim presided.

[2] HRS § 712-1240.8 provides in relevant part:

(1) A person commits the offense of methamphetamine trafficking in the second degree if the person knowingly distributes methamphetamine in any amount.

. . . .

(continued...)

Juan's alleged sale of crystal methamphetamine or "ice" to an undercover police officer.

San Juan entered into a plea agreement with Plaintiff-Appellee State of Hawaiʻi (State), in which San Juan agreed to plead guilty as charged to Methamphetamine Trafficking in the Second Degree, and San Juan and the State agreed to recommend a ten-year indeterminate term of imprisonment with a one-year mandatory minimum term at sentencing. In the plea agreement, as part of the factual basis for his guilty plea, San Juan admitted that "[o]n or about June 1, 2010, in the City and County of Honolulu, State of Hawaii, I knowingly distributed methamphetamine."

On August 10, 2010, the Circuit Court held a change of plea hearing pursuant to Hawaiʻi Rules of Penal Procedure Rule 11 (2007). During the guilty plea colloquy, San Juan acknowledged his understanding of the terms of the plea agreement; that by pleading guilty, he was giving up his right to a trial; and that the statement in his plea agreement that he knowingly distributed methamphetamine was true. At the conclusion of the colloquy, the Circuit Court found that San Juan had entered his guilty plea voluntarily, knowingly, and intelligently.

Sentencing was scheduled for October 20, 2010. At the sentencing hearing, San Juan asked that he be allowed to withdraw his guilty plea. Defense counsel then made an oral motion to withdraw as counsel, which the Circuit Court granted. Sentencing was continued to a later date. In the meantime, San Juan, with new counsel, filed a written motion to withdraw his guilty plea, alleging that: (1) at the time of his guilty plea, he wanted a

---

[2/] (...continued)

(3)  Notwithstanding sections 706-620, 706-640, 706-641, 706-660, 706-669, and any other law to the contrary, a person convicted of methamphetamine trafficking in the second degree shall be sentenced to an indeterminate term of imprisonment of ten years with a mandatory minimum term of imprisonment of not less than one year and not greater than four years and a fine not to exceed $10,000,000; . . . .

copy of the discovery in his case and a chance to review it, but did not believe he had the right to these things; (2) he had no personal knowledge of the contents of the packet he allegedly transferred and was merely a conduit between the police officer and other individuals; and (3) he believes he is eligible for a probation sentence. On March 30, 2011, the Circuit Court denied San Juan's motion to withdraw his guilty plea and sentenced him to ten years of imprisonment with a mandatory minimum term of one year.

II.

On appeal, San Juan contends that the Circuit Court erred by denying his motion to withdraw his guilty plea and sentencing him without a finding of guilt by trial. San Juan's sole argument in support of this contention is that the Circuit Court should have permitted him to withdraw his guilty plea because he wanted to exercise his constitutional right to have a trial. In effect, San Juan contends that he had an absolute right to withdraw his guilty plea in order to exercise his right to trial.

However, controlling case law establishes that "[a] defendant does not have an absolute right to withdraw his [or her] guilty plea. State v. Jim, 58 Haw. 574, 575, 574 P.2d 521, 522 (1978). For a motion to withdraw a guilty plea that is made before the imposition of sentence, the applicable standard is whether the defendant has presented a "fair and just reason" for the withdrawal and whether the State has relied upon the guilty plea to its substantial prejudice. Id. at 576, 574 P.2d at 522-23. The defendant bears "the burden of establishing plausible and legitimate grounds for withdrawal[,]" and the trial court's determination of whether the defendant has met this burden is reviewed for abuse of discretion. Id. at 576-77, 574 P.2d at 523.

We reject San Juan's appeal, which is premised on the argument that he has an absolute right to withdraw his guilty plea in order to exercise his right to trial. San Juan's

3

argument is refuted by controlling authority.  Id. at 575, 574
P.2d at 522.  In addition, there is no showing in the record that
San Juan presented a fair and just reason for withdrawing his
guilty plea or that the Circuit Court erred in denying his motion
to withdraw his guilty plea.[3]

III.

We affirm the Judgment of the Circuit Court.

DATED: Honolulu, Hawai'i, December 27, 2012.

On the briefs:

Joseph R. Mottl, III
for Defendant-Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

---

[3] In this regard, we note that San Juan did not include a transcript of
the Circuit Court's ruling on his motion to withdraw his guilty plea as part
of the record on appeal.  See State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499,
502 (2000) (holding that the appellate courts will not presume error from a
silent record); Hawai'i Rules of Appellate Procedure Rule 11(a) (2010) ("It is
the responsibility of each appellant to provide a record . . . that is
sufficient to review the points asserted . . . .").

4